Filed 7/31/25  P. v. Wingfield CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B343500 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. SA062684-02 |
| v. | |
| CARNELL WINGFIELD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph J. Burghardt, Judge.  Affirmed.

Carnell Wingfield, in pro. per.; Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal from an order denying a petition for resentencing under Penal Code section 1172.6.[1] We affirm.

## BACKGROUND[2]

On August 6, 2006, Lejoy G., his two young children, his girlfriend Adriana, his 16-year-old sister Layla, and his friend Theodore were sitting in a car getting ready to go somewhere. A car pulled up next to them. The driver later was identified as Wingfield. A man later identified as Clarence James, who was the passenger, fired five or six gunshots at Lejoy G.'s car. One of the shots hit Layla in the face. The bullet entered her left temple and exited the right side of her nose. She was hospitalized and survived. (*Wingfield I.*)

Authorities recorded a jailhouse conversation between Wingfield and James, who were put in the same cell. In the conversation, Wingfield and James "revealed their culpability" for the shooting. (*Wingfield I.*) Layla also identified Wingfield in a photo lineup. (*Ibid.*)

The People charged Wingfield and James with six counts of attempted willful, deliberate, premeditated murder (counts 1 through 6) as well as shooting at an occupied motor vehicle (count 7). In count 1, the People alleged James personally and

---

[1]    References to statutes are to the Penal Code.

[2]    We take our procedural history and factual background from the opinion on direct appeal from Wingfield's conviction, *People v. James et al.* (Apr. 8, 2010, B210090) [nonpub. opn.] (*Wingfield I*). We summarize the facts only for context. We do not rely on them in resolving this appeal.

2

intentionally discharged a firearm causing great bodily injury to Layla, and, as to Wingfield, that a principal personally and intentionally discharged a firearm causing great bodily injury to Layla. In counts 2 through 6, the People alleged James personally and intentionally discharged a firearm, and, as to Wingfield, that a principal personally and intentionally discharged a firearm. The People also alleged gang allegations.

The case went to trial in June 2008. The court instructed the jury on attempted murder with deliberation and premeditation, giving (among other instructions) CALCRIM Nos. 600 and 601. The court also instructed the jury on aiding and abetting, giving CALCRIM Nos. 400 (Aiding and Abetting: General Principles) and 401 (Aiding and Abetting: Intended Crimes). The court did not instruct the jury on the natural and probable consequences doctrine.

The jury convicted Wingfield on four of the attempted murder counts as well as the count for shooting at a vehicle. The jury acquitted him of two of the attempted murder counts (those involving the young children). The jury found the firearm and gang allegations true. The trial court sentenced Wingfield to 85 years to life: 25 years to life for the attempted murder of Layla plus 20 years to life for each of the attempted murders of Lejoy, Adriana, and Theodore. The court ordered Wingfield to serve the sentences consecutively. The court imposed and stayed a sentence of seven years plus 25 years to life on count 7. As we noted, in April 2010 another panel of this court affirmed Wingfield's conviction. (*Wingfield I*.)

In January 2024, Wingfield filed a form petition for resentencing under section 1172.6. The trial court appointed counsel for him. The prosecution filed a response to the petition.

The prosecution contended Wingfield "was prosecuted and convicted as the aider and [*sic*] who committed the crimes of attempted murder with actual malice and, therefore, cannot avail himself of the relief offered pursuant to Penal Code section 1172.6." The prosecution attached as an exhibit the jury instructions given at Wingfield's trial.

Wingfield's counsel filed a reply. Counsel contended Wingfield's petition was "facially valid" and he was entitled to the issuance of an order to show cause.

Counsel appeared before the court on October 30, 2024. The court stated it had read and considered the opposition to Wingfield's petition, the reply, and "the file," including the jury instructions and the verdicts. The court said it was relying not on the underlying facts of the case but on the jury instructions, the verdicts, and the jury's findings. The court noted the jury had not been instructed on the natural and probable consequences doctrine, felony murder, or "any other theory of imputed malice." Wingfield, the court said, acted with the intent to kill. Accordingly, the court concluded Wingfield had not made a prima facie case.

Wingfield appealed and we appointed counsel to represent him. After examining the record, counsel filed an opening brief stating she had "reviewed the entire record and found no arguable issues to raise on appeal from the denial of appellant's Penal Code section 1172.6 petition for resentencing." Counsel asked this court to follow the procedures set forth in *Delgadillo* and also to "exercise its discretion to conduct an independent review of the record." Counsel stated she had written to Wingfield and advised him he could submit

4

a supplemental brief. Counsel noted she would send a copy of her brief and the transcripts of the record on appeal to Wingfield.

On June 11, 2025, Wingfield filed a supplemental brief. Wingfield contends, "The prosecution/state never introduced corroborating evidence proving that petitioner harbored express malice toward each victim." Wingfield asserts, "The jury never found or ruled that each of the (7) [*sic*] attempted murders were willful-deliberate-premeditated as defined under (Penal Code § 189)." Wingfield also argues his state and federal constitutional rights were violated by the court's imposition of consecutive terms, which Wingfield contends violated section 654.

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (SB 1437) limited the scope of the felony murder rule and eliminated the natural and probable consequences doctrine as a basis for murder liability. (See generally *People v. Reyes* (2023) 14 Cal.5th 981, 986; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) SB 1437 also provided an avenue for a person convicted under the former law to petition the sentencing court to vacate his conviction and be resentenced if he could no longer be convicted under the amended law. (*People v. Strong* (2022) 13 Cal.5th 698, 708–709; *Lewis*, at pp. 959–960.) Senate Bill No. 775 (2021–2022 Reg. Sess.), effective January 1, 2022, extended resentencing eligibility to individuals convicted of attempted murder under the natural and probable consequences doctrine. (Stats. 2021, ch. 551, § 1(a).) Section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, the court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971; see *People v. Curiel* (2023) 15 Cal.5th 433, 463–464; *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, at p. 972.) But if the record of conviction contains facts refuting the allegations made in the petition, the trial court is justified in rejecting them. (See *id.* at p. 971.)

The jury instructions are part of the record of conviction, because the instructions "given at a petitioner's trial may provide 'readily ascertainable facts from the record' that refute the petitioner's showing, and reliance on them to make the eligibility or entitlement determinations may not amount to 'factfinding involving the weighing of evidence or the exercise of discretion,' " which may not take place until after an order to show cause issues. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055; see *People v. Estrada* (2022) 77 Cal.App.5th 941, 943, 946 [jury instructions showed trial court never instructed jury on natural and probable consequences doctrine; summary denial of petition affirmed]. See also *People v. Harden* (2022) 81 Cal.App.5th 45, 55–56 [affirming summary denial of petition; jury instructions and verdict irrefutably established as a matter of law that defendant was ineligible for resentencing].)

In *Delgadillo*, our Supreme Court clarified the procedures required in an appeal from the denial of a section 1172.6 petition where counsel finds no arguable issues: (1) "counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition"; and (2) the defendant should be notified of his right to file a supplemental brief. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) If the defendant then files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief . . . does not compel an independent review of the entire record to identify unraised issues." (*Id.* at p. 232 [it is "wholly within the court's discretion" whether to conduct an independent review of the entire record].)

Our standard of review is de novo. (*People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238–1239.)

The record of conviction demonstrates Wingfield was not tried on a theory of natural and probable consequences, but rather as a direct aider and abettor. Accordingly, he is ineligible for resentencing as a matter of law. (See *People v. Gentile* (2020) 10 Cal.5th 830, 848 [SB 1437 did not eliminate direct aiding and abetting liability for murder]; *People v. Mumin* (2023) 15 Cal.5th 176, 190 [attempted murder requires a specific intent to kill].) As for Wingfield's supplemental brief, his contentions are without merit. In finding true the allegations that Wingfield committed the four attempted murders willfully and with premeditation and deliberation, the jury found the requisite intent. As for the consecutive sentencing, that issue was raised and rejected in Wingfield's direct appeal. (*Wingfield I*.) (See *People v. Farfan* (2021) 71 Cal.App.5th 942,

947 [section 1172.6 proceeding does not " 'provide a do-over' " on alleged trial court error or issues that already have been resolved].)

## DISPOSITION

We affirm the order denying Carnell Wingfield's petition for resentencing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:


EDMON, P. J.


HANASONO, J.